THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL HARRISON, Appellant. [772 NYS2d 376]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered June 26, 2002, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of attempting to rob a taxicab driver. While the complainant was stopped at a red light, two males entered his cab. After a few minutes, the perpetrator who sat in the front passenger seat took out a gun and demanded money. When the victim indicated that he had no money, a struggle ensued, and the perpetrator shot the victim twice in the legs before running away. The victim told police that the

shooter was a young black male. One month after the incident, the victim identified the defendant from a lineup as being the shooter.

In this single-eyewitness case, in which identification was the central issue, the jury's determination was against the weight of the evidence. The only evidence against the defendant was the testimony of the victim. Although the victim testified that he viewed the defendant for a few minutes from close proximity, he was only able to give the police a very general description of the perpetrator. Further, the length of time between the crime and the police lineup was one month. This evidence contrasts with the strong alibi evidence submitted by the defendant that he was at home when the attempted robbery occurred. The defendant took the stand in his own defense and gave an account of his actions during the time of the incident. The testimony of both the defendant's brother and his close friend corroborated the defendant's story of innocence. Further, telephone records showed that at the time of the perpetration of the crime, a telephone call was placed from the defendant's home to the home of his then-girlfriend.

In addition, there was testimony that the defendant, who was 17 years old at the time of trial, had no prior criminal convictions and was attending high school, and an indication that he had a stable, close-knit family. He was described by reputable members of the community as a quiet and good person. No one who testified in his defense believed that he could be involved in such a senseless crime.

Although the evidence, when viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, the aggregate of all the factors discussed above lead us to conclude that the verdict was against the weight of the evidence. We note that the People do not "oppose reversal" based on this ground. Accordingly, we reverse the judgment of conviction and dismiss the indictment. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.